267 So.2d 551

STATE of Louisiana

v.

Winfield A. HAYDEN.

No. 52334.

Oct. 4, 1972.

Robert L. Kleinpeter, Kleinpeter & Nevils, Baton Rouge, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Winfield A. Hayden, appeals his jury conviction of murder, La.R. S. 14:30, for which he was sentenced to life imprisonment in the State Penitentiary. On appeal, the defendant relies upon three bills of exceptions reserved and perfected during his trial.

Bill of Exceptions No. 1 alleges the trial court erred when it allowed the State to offer into evidence a tape recording of an interrogation of the defendant conducted by deputies of the Sheriff's Department. Counsel for the defense maintains the interrogation, which he admits was initially proper and complied with the requirements of Miranda, became inadmissible as evidence because of the badgering and harass-

ing tactics employed by the Sheriff's deputies during the interrogation.

In reviewing the record we find the defendant was advised of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), on several occasions, particularly just prior to the taped interrogation. Prior to the interrogation he had signed a waiver of rights form. During the trial the presiding judge conducted a hearing out of the presence of the jury and determined that the taped interrogation was free and voluntary, and not made under influence of fear, duress, intimidation, menaces, threats, inducements or promises, as required by La.R.S. 15:451. After determining the taped interrogation was free and voluntary, the trial judge permitted it to be introduced into evidence in its entirety as required by La.R.S. 15:450. We have read the transcript of the taped interrogation and we find the trial judge did not abuse his discretion when he allowed the tape to be introduced into evidence and played before the jury. The questioning officers did not employ tactics without the scope of reasonable police interrogation, nor were their methods in contravention of La.R.S. 15:451. This bill of exceptions lacks merit.

In his second bill of exceptions counsel for the defense urges that reversible error occurred when the trial judge refused to include in his charge the requested special

charge: "An admission by the district attorney upon the progress of the case is binding upon the State."

The defendant had pleaded guilty under a bill of information charging aggravated battery for the same shooting incident which resulted in this murder charge. While he was serving sentence on the aggravated battery charge, the victim died three days less than one year after the shooting, and the defendant was indicted by the grand jury for murder. Defense counsel argues that, the district attorney having permitted the defendant to plead guilty to aggravated battery which did not require specific intent, the State was bound to have admitted that the intent ingredient of murder was not present.

Even if it could be considered that the State makes an admission in such an instance, while aggravated battery does not require specific intent, intent may be present when aggravated battery is committed. Accepting a plea to that charge in no wise admitted lack of specific intent.

There was no admission by the State through the original plea of guilty and a subsequent murder charge based upon the subsequent death of the battery victim may be filed. State v. Poland, 255 La. 746, 232 So.2d 499 (1970).

Bill of Exceptions No. 3 was taken to the denial of the motion for a new trial.

As this motion merely reiterates the error complained of in Bills of Exceptions Nos. 1 and 2, we find this third Bill of Exceptions lacks merit.

For the reasons assigned, the conviction and sentence are affirmed.